UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SONNY BORJA,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 3:20-CV-5195-RBL-DWC

ORDER TO SHOW CAUSE

Petitioner Sonny Borja, proceeding *pro se*, filed a proposed Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. *See* Dkt. 1. Petitioner also filed an Application to Proceed *In Forma Pauperis*. *See* Dkt. 4.

Having reviewed the Petition brought under 28 U.S.C. § 2254, it appears the Petition is premature as Petitioner is a pretrial detainee and has not yet been convicted. Moreover, even construing the Petition under 28 U.S.C. § 2241, the Petition appears unexhausted and it would appear to be inappropriate for the Court to intervene in this case under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). To the extent Petitioner is attempting to challenge the conditions of his confinement, he must file a civil rights action under 42 U.S.C. § 1983. The Court orders Petitioner to file an amended pleading by May 15, 2020.

ORDER TO SHOW CAUSE - 1

**BACKGROUND**

Petitioner states he is currently housed at the Thurston County Jail and was previously housed at Western State Hospital. Dkt. 1, 4, 5. On January 30, 2019, Petitioner alleges he was charged with residential burglary, felony harassment, and violations of a protective order. Dkt. 1 at 2. On April 3, 2019, Petitioner alleges the state court ordered a competency evaluation. Dkt. 1 at 2. On April 22, 2019, Petitioner alleges he was found not competent, but his admission to a competency restoration facility was delayed. *Id.* Petitioner alleges he was transferred to the Yakima Competency Restoration Center for treatment 45 days after the state court's order. *Id.* at 3. Petitioner alleges he was then transferred several times between the Thurston County Jail and Western State Hospital. *Id.* at 2-3. Petitioner is now housed at the Thurston County Jail. Dkt. 5.

Petitioner seeks to challenge the fact and duration of his commitment at Thurston County Jail (and previously Western State Hospital). Dkt. 1. Petitioner contends his speedy trial and due process rights have been violated related to his competency restoration treatment and pending state criminal proceedings arising from Thurston County, Washington. Dkt. 1. Petitioner also attempts to challenge the conditions of that commitment. *See* Dkt. 1. Petitioner requests the Court dismiss the criminal case pending against him and monetary damages. *Id.*

**DISCUSSION**

A.  Screening

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 cases

("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

B. <u>Improper Petition</u>

Petitioner filed a proposed Petition pursuant to 28 U.S.C. § 2254. Dkt. 1. Even if Petitioner was convicted and sentenced after he filed his Petition, it appears the Petition would be premature because Petitioner has not yet presented any of his federal claims to the state courts via a direct appeal or by filing a state post-conviction petition for collateral relief. *See* 28 U.S.C. § 2254(b) and *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted his available state court remedies).

However, because petitioner proceeds *pro se*, the Court will also consider and screen his pleadings under 28 U.S.C. § 2241, which permits federal courts to grant relief to a pretrial detainee held "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3); *see also McNeely v. Blanas,* 336 F.3d 822, 824 n. 1 (9th Cir. 2003).

C. <u>Exhaustion (§ 2241 Claims)</u>

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington State trial and appellate courts regarding the ongoing criminal proceedings against him. *See* Dkt. 1. Petitioner has also not shown special circumstances warrant federal intervention in this case. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

D. *Younger* Abstention (§ 2241 Claims)

Petitioner's case may also be inappropriate in federal court under the *Younger* abstention doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, it appears Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See*

*Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Petitioner raises claims that would effectively enjoin the ongoing state judicial proceeding. As the *Younger* abstention applies to Petitioner's claims, Petitioner must show cause why this case should not be dismissed under *Younger*.

### E. Improper Claims – Conditions of Confinement

Petitioner also alleges he was subject to "deplorable" conditions in solitary confinement at Thurston County Jail, he was forced to take Zyprexa medication, and his First Amendment rights related to free speech were violated. Dkt. 1. To the extent Petitioner is attempting to challenge the conditions of his confinement in addition to or instead of his physical confinement itself, he must file a civil rights action under 42 U.S.C. § 1983 (a civil rights action under Section 1983 is the way to challenge conditions of confinement, rather than a habeas corpus petition – which is the way to challenge the fact or duration of his confinement). *See Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991); *Alcala v. Rios*, 434 Fed. Appx. 668, 669-70 (9th Cir. 2011) (finding claims challenging the conditions of confinement were not cognizable as a federal habeas petition and should be brought as a civil rights action).

### F. Instructions to Petitioner and the Clerk

If Petitioner intends to pursue this habeas action as a pre-trial detainee, he must file a response to this Order and an amended petition on the § 2241 form provided by the Court, including only claims challenging the fact or duration of his custody. The amended § 2241 petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original

1 complaint by reference. The amended petition will act as a complete substitute for the Petition,

2 and not as a supplement.

3     The State of Washington is not properly named as a respondent because it is not the

4 custodian of the Thurston County Jail. *See* 28 U.S.C. § 2242 (proper respondent to a habeas

5 petition is the "person who has custody over" the petitioner). If Petitioner files an amended

6 petition, he must name the proper respondent. If Petitioner fails to adequately address the issues

7 raised herein and file an amended petition on or before May 15, 2020, the undersigned may

8 recommend dismissal of this action.

9     Petitioner may file a separate § 1983 complaint challenging the conditions of his

10 confinement on the form provided by the Court.

11     The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas

12 corpus relief pursuant to 28 U.S.C. § 2241 and forms for filing a 42 U.S.C. § 1983 civil rights

13 complaint. The Clerk is directed to provide copies of this Order to Petitioner. The Clerk is further

14 directed to re-note Petitioner's Motion to Proceed *In Forma Pauperis* (Dkt. 4) for May 15, 2020.

15     Dated this 15th day of April, 2020.

David W. Christel
United States Magistrate Judge